Bannon v. Pfleger.

---

### Patrick R. Bannon & Margaret Bannon v. Joseph Pfleger.

1. HUSBAND AND WIFE—*Joint Action.*—A party claiming to be improperly joined as a defendant in a suit, has the burden of showing the improper joinder.

Memorandum.—Action of covenant. Error to the Circuit Court of Will County; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the December term, 1893, and affirmed. Opinion filed May 22, 1894.

The opinion states the case.

HALEY & O'DONNELL, attorneys for plaintiffs in error.

J. W. D'ARCY, attorney for defendant in error.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF
THE COURT.

The defendant in error brought an action for breach of
the covenants of a statutory warranty deed executed by
plaintiffs in error to him. There was due service of sum-
mons, but no defense was interposed. On default, the court
heard evidence, assessed damages at $79.30, and rendered
judgment accordingly.

It is contended that the judgment should be reversed be-
cause, first, the declaration does not state a cause of action;
second, Margaret Bannon having joined in the deed as the
wife of Patrick R. Bannon merely, is not personally liable
upon the covenants contained therein.

The averments in the declaration as they appear in the
record filed in this court, are awkwardly connected, and
hardly intelligible. A copy of the deed, designed as "Ex-
hibit A," appears in the body of the declaration, right in
the middle of the averment as to the breach. As read in
the record the declaration is confusing and senseless. It is
apparent to us, however, that the confusion is occasioned by
the improper folding of the original declaration, and that
the pleader did not set out the deed in the body of the
declaration, but attached it thereto as an exhibit. With the
deed appearing as an attached exhibit, the declaration suffi-
ciently states a cause of action.

To the second point urged, it may be said that it does not
appear that the only purpose of Margaret Bannon in join-
ing in the deed was to enable her husband to pass the title
free from her inchoate right of dower. For aught that
appears in this record she warranted the title. Judgment
affirmed.